UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Belinda A. Smiley,   Case No. 05-89741
                    Chapter 7
            Debtor.  Hon. Phillip J. Shefferly
_____/

**ORDER DENYING "MOTION FOR RECONSIDERATION OF SANCTIONS"**

On December 2, 2005, the Debtor filed a voluntary petition under Chapter 7. On March 28, 2006, the Chapter 7 case was closed and the Bankruptcy Court issued a "Notice of Chapter 7 Case Closed Without Discharge" (docket entry #16). On April 5, 2006, the Debtor filed a "Motion for Reconsideration of Sanctions" (docket entry #18). The Debtor's motion recites that the Debtor filed a certificate of credit counseling from GreenPath Debt Solutions and, therefore, that the Debtor "has met all the requirements for a discharge" such that the Bankruptcy Court should not have closed this case without a discharge. The Debtor requests the Court to "remove the sanctions and allow Debtor to receive her discharge."

The Debtor's motion for reconsideration misapprehends the Bankruptcy Court's notice of Chapter 7 case closed without discharge. That notice states that this Chapter 7 case was closed without a discharge for the Debtor because the Debtor did not file Official Form 23, "Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management." The reason for the issuance of this notice by the Bankruptcy Court was not a "sanction" against the Debtor, nor was it because of any failure by the Debtor to file a certificate of credit counseling.

Section 109(h)(1) of the Bankruptcy Code provides that an individual may not be a debtor unless such individual has received within the 180 day period before the date of filing the bankruptcy petition "an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." Section 521(b)(1) of the Bankruptcy Code requires the debtor to file a certificate describing the services provided to the debtor. Fed. R. Bankr. P. 1007(b)(3) also requires the debtor to file such certification. Fed. R. Bankr. P. 1007(c) requires that the certification shall be filed with the petition in a voluntary case.
The Debtor in this case filed that certificate fulfilling the eligibility requirement of § 109(h)(1) and the requirement to file the certificate under § 521(b)(1) and Bankruptcy Rule 1007.

However, in addition to the requirement to file a certificate of credit counseling under § 521(b)(1) and § 109(h)(1) to evidence the Debtor's eligibility to be a debtor, there is a separate and independent requirement that must be fulfilled before an individual may obtain a discharge under § 727. Specifically,

§ 727(a)(11) provides that the Court shall grant the debtor a discharge unless:

> (11) after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111 . . .

Fed. R. Bank. P. 1007(b)(7) requires the filing of a statement evidencing completion of such instructional course:

> An individual debtor in a chapter 7 or chapter 13 case shall file a statement regarding completion of a course in personal financial management, prepared as prescribed by the appropriate Official Form.

Fed. R. Bank. P. 1007(c) requires that the statement of completion of the course in personal financial management required by Fed. R. Bankr. P. 1007(e)(7) shall be filed by the debtor within 45 days after the first date set for the meeting of creditors under § 341 in a Chapter 7 case. In this case, the Debtor is correct in asserting in her motion that she filed the certificate of credit counseling required by § 109(h)(1) and § 521(b)(1) of the Bankruptcy Code and Fed. R. Bankr. P. 1007(b)(3) and (c). What the Debtor's motion fails to recognize is that the Debtor did not file the statement to evidence completion of a course in personal financial management as described in § 111 of the Bankruptcy Code, which is a prerequisite to the grant of a discharge under § 727(a)(11) of the Bankruptcy Code, and which is required to be filed by Fed. R. Bankr. P. 1007(b)(7) and (c). That failure is the reason why the Bankruptcy Court closed this Chapter 7 case on March 28, 2006 without a discharge.

The Bankruptcy Court for the Eastern District of Michigan has adopted Guidelines Relating to BAPCPA 2005. Guideline 3 is entitled "Failure to Complete the Financial Management Course" and provides as follows:

> The clerk will not issue a discharge if the certificate required by Fed. R. Bankr. P. 1007(b)(7) and (c)(new) is not timely filed. If the debtor files the certificate after the case is closed, the debtor must file a motion to reopen to request the entry of the discharge.

This case was properly closed without a discharge because the Debtor did not file the statement of completion of personal financial management course as required by Bankruptcy Code § 727(a)(11), Fed. R. Bankr. P. 1007(b)(7) and (c), and Guideline 3.

There is no basis to grant the Debtor's motion for reconsideration in this case. If the Debtor wishes to obtain a discharge, it will be necessary for the Debtor to file a motion to reopen this bankruptcy case in accordance with Guideline 3, accompanied by the statement required by § 727(a)(11) of the Bankruptcy Code, and Bankruptcy Rule 1007(b)(7) and (c), evidencing the Debtor's completion of a course in personal financial management pursuant to § 111 of the Bankruptcy Code. There is an official form prescribed for that purpose. It is Official Form 23. It was the failure to file Official Form 23 that was

identified in the notice of Chapter 7 case closing that was issued in this case on March 28, 2006 (docket entry #16).

The Court concludes that the Debtor's "Motion for Reconsideration of Sanctions" lacks merit and must be denied. The Debtor may obtain her discharge by complying with § 727(a)(11), § 111, Fed. R. Bankr. P. 1007(b)(7) and (c), and Guideline 3 of the Guidelines Relating to BAPCPA 2005 adopted by the Bankruptcy Court for the Eastern District of Michigan. Accordingly,

IT IS HEREBY ORDERED that the Debtor's motion for reconsideration of sanctions is denied.

**Entered: April 12, 2006**

                                            **/s/ Phillip J. Shefferly**
                                            **Phillip J. Shefferly**
                                            **United States Bankruptcy Judge**